## Case No. 1,590.
### BOBYSHALL v. OPPENHEIMER.
[4 Wash. C. C. 333.][1]
Circuit Court, E. D. Pennsylvania. Oct. Term, 1822.

BAIL—DELIVERY OF PRINCIPAL BY APPEARANCE BAIL—DELIVERY BY SPECIAL BAIL.

1. The court will not relieve the appearance bail, upon his delivering the principal in court, unless he put in and perfect special bail.
[Cited in Stockton v. Throgmorton, Case No. 13,463.]

2. Although the special bail may deliver up the principal at any time before the second scire facias, it does not follow that the appearance bail may do it. Their engagements are of a different nature.
[Cited in Stockton v. Throgmorton, Case No. 13,463.]

[At law. Action on a bail bond by Bobyshall and Sower against Oppenheimer. For prior proceedings, see Case No. 1,589.]

After the discharge of the two former rules, —4 Wash. C. C. 317 [Case No. 1,589,],—Phillips entered a rule upon the plaintiff to show cause, why proceedings should not be staid on the bail bond, on payment of costs, and confession of judgment by the principal. He contended that, after assignment of the bail bond, the court will stay proceedings against the appearance bail on payment of costs, confessing judgment, and putting in and perfecting bail, as the court decided on one of the former rules. But he insisted that surrendering the principal was equivalent to putting in sufficient bail; and that the court will, in this case, dispense even

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

with that form, since the defendant would be immediately entitled to his discharge, having been already discharged under the insolvent law of this state. He cited Rob. St. 87; 5 Term R. 401, 534; 7 Term R. 297, 522; 8 Term R. 822; Cowp. 823; 2 Johns. Cas. 403; 1 Caines, 9.

Peters & Ewing, contra.

WASHINGTON, Circuit Justice. Upon the former rules, it was decided, that although the court had discharged on common bail a defendant who had been discharged under the insolvent law of this state, where the application was made in time; yet that they never had entered an exoneretur on the bail piece, after assignment of the bail bond to the plaintiff, merely upon the ground of such a discharge, and that a motion to that effect would not be listened to. But that the court would relieve the appearance bail by staying proceedings on the bond, upon payment of costs; provided that plaintiff had not lost a trial, and provided the defendant put in and perfected bail.

What is the present motion, as explained by the counsel, but an ingenious device, under a different form, to effect the very object which the former rules were intended to bring about; that is, to exonerate the appearance bail altogether, without a legal appearance of the principal, and to discharge the principal upon the ground of his discharge as an insolvent? But admit that the principal was now in court, ready to be delivered up in exoneration of his bail, would this be a compliance with the condition required by the court, that of giving and perfecting bail? It is contended that it would be so, because if that condition were literally complied with, the special bail might deliver up the principal at any time before the second scire facias should be returned, and then the court would discharge him under the insolvent law. The former part of this proposition I admit, but I do not admit the conclusion.

The ground upon which the conclusion is denied, that because the special bail might surrender the principal, therefore the appearance bail may do it, will appear, as soon as the nature of the engagement which those two classes of bail respectively enter into, is considered. The special bail is emphatically styled the gaoler or keeper of the principal, and his engagement is, that the principal shall pay, &c., or surrender his body, &c., or that the bail will do it for him; he then fulfils his engagement by surrendering his principal; and the indulgence allowed him of do-ing so before the return of the second scire facias is as to time only; it does not amount to a dispensation with the performance of his agreement, or to a change of its terms. But the principal is not delivered to the appearance bail upon their giving bond to the marshal. He is absolutely discharged; and the engagement of his bail is, not that he shall surrender himself, but that he shall appear at the return of the writ; that is, as was stated by Lord Mansfield in the case of Harrison v. Davies, 5 Burrows, 2683, by putting in sufficient bail. "It is a settled point," says his lordship, "that nothing can be a performance of the condition of the bail bond, but putting in and perfecting bail." In the case of Hamilton v. Wilson, 1 East, 383, the same principle is laid down, and it is added, that the point decided in Harrison v. Davies has never been since controverted; and that the cases of Jones v. Lander, 6 Term R. 753, and Stamper v. Milbourne, 7 Term R. 122, go no further than to say that the sheriff may accept the surrender before return of the writ, if he please, or may refuse, and insist upon the bail performing the condition of his bond. In the cases cited in this argument from 7 Term R. it appears that the practice certified to the court was, that if the bail do not justify on the day, he is out of court. But upon the circumstances of that case, the court relieved the appearance bail, although bail above had not been perfected, the surrender having been made before the bail bond was assigned. The case from 5 Term R. 401, proceeds upon a recent change in the practice of the king's bench, in conformity with that of the court of common pleas. The case of Meysey v. Carnell, 5 Term R. 534, is a still stronger case, and is founded upon the change of practice above alluded to. But as this court looks to British decisions since the revolution, not as authority, but for the reasons on which they proceed, I choose to adhere to the long established rule recognized and confirmed by Lord Mansfield, in preference to the modern practice of the English courts; particularly as the rule of the supreme court of this state is not pretended to be different from that stated by Lord Mansfield.

In relieving the appearance bail, by staying proceedings on the bond upon the conditions which have been mentioned, the terms of his engagement are not varied, although the time of performance is enlarged. Thus far I am willing to go, but not farther.

Rule discharged.

[For subsequent proceedings, see Cases Nos. 1,591 and 1,592.]