## Case No. 1,591.

BOBYSHALL et al. v. OPPENHEIMER et al.

[4 Wash. C. C. 388.][1]

Circuit Court, E. D. Pennsylvania. April Term, 1823.

BAIL—PLEADING—ISSUE—NUL TIEL RECORD—EX-
ECUTION—TIME OF ISSUING.

1. Action by the assignee of a bail bond—plea comperuit ad diem, as appears by the record,—replication, nul tiel record. This forms an issue to the court.

2. When the defendant pleads a record of the same court, the replication of nul tiel record concludes with a verification, and a day is given to the parties to have judgment. If the plea be of a record of another court, the replication may either conclude by giving the defendant a day to bring in the record, or with an averment and prayer of debt and damages, in which latter case there must be a rejoinder re-asserting the existence of the record.

3. Comperuit ad diem, prout, &c., affirms a legal appearance.

4. Judgment on the issue of nul tiel record being rendered for the plaintiff, the court directed a writ of inquiry to issue in the original suit to assess the damages to which the plaintiff was entitled; the parties not agreeing to the sum due to the plaintiffs, the judgment against the bail to remain as a security.

5. An execution cannot issue until the expiration of ten days from the judgment, and if it issues the court will set it aside on motion.

[At law. Action on a bail bond by Bobyshall and Sower, assignees of the marshal, against Oppenheimer, Hyneman, Levy, and Morris. For prior proceedings, see Cases Nos. 1,589 and 1,590.]

This was an action of debt brought upon the bail bond given for the appearance of Oppenheimer, and assigned by the marshal to the plaintiff. See 4 Wash. C. C. 333 [Case No. 1,590]. The defendants plead comperuit ad diem. Replication, nul tiel record.

The cause was now called for trial before the court, to inspect the record, when it was objected by the defendants' counsel that the cause is not at issue, there being no rejoinder, and the replication giving no day to the defendant to bring the record in. The plaintiff insisted, that the cause was at issue, and referred to the following cases. 2 Selw. N. P. 515; 1 Saund. 92, note; 1 Ld. Raym. 550; Carth. 517; 2 Bos. & P. 303.

WASHINGTON, Circuit Justice, delivered the opinion.

The pleadings in this case, except the declaration, are, according to the loose practice in this state, entered short; neither the plea nor replication being put into form. The plea of comperuit ad diem affirms, in substance, a legal appearance according to the condition of the bail bond, as

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

will appear by the record. The replication denies that there is any such record, which make a complete issue, so that no rejoinder was necessary, or would have been proper. The objection is, that the replication gives the defendants no day to bring in the record, and is therefore defective. Admit for a moment that the replication had been drawn out, and had not given a day, and was for this reason faulty: still the cause would be at issue, and the objection now made to the trial could not be supported. If the replication be faulty, but yet forms an issue at law or in fact, the cause is ripe for a trial, and it is the fault of the defendant that he did not take advantage of the imperfection of the replication by a demurrer.

But the alleged objection to the replication, even if it appeared on its face, is without foundation. Where the defendant pleads a record of the same court, the replication denying it concludes with a verification, and a day is given to the parties to hear judgment. If the record be of another court, the replication nul tiel record may either conclude by giving the defendant a day to bring in the record, or with an averment and prayer of the debt and damages. In the former case, the issue is complete on the replication; in the latter, there must be a rejoinder, re-asserting the existence of the record, on which account the former is to be preferred. But the rule is different as before stated where the record is of the same court. 1 Chit. Pl. 572; Barnes, Notes, 164.

Upon inspection of the record, the proceedings appeared as stated 4 Wash. C. C. 333 [Bobyshall v. Oppenheimer, Case No. 1,590], and upon the principles there decided, the court was now of opinion that the defendant, Oppenheimer, had not appeared according to the condition of the bail bond, and therefore directed judgment to be entered for the penalty of the bond. Upon this judgment, the plaintiffs immediately took out a fieri facias, and put it into the hands of the marshal to execute.

The defendants, on the same day, moved to quash the execution, and relied on the twenty-third section of the judiciary act of 1789 [1 Stat. 85].

WASHINGTON, Circuit Justice. This section is conclusive in favour of this motion. The defendant has ten days allowed to him to serve a writ of error in the way prescribed by this section, and if he does so, it is then a supersedeas, and stays execution. During the ten days thus allowed to the party for suing out and serving the writ of error, this section is express that no execution shall issue, since if the writ of error issue within the ten days, it would be a supersedeas.

The motion to quash the execution therefore must prevail, which renders the motion

first argued [2] unavailing, and therefore it is discharged, and a writ of inquiry, is to issue in the original action for the purpose of ascertaining what sum is due to the plaintiffs from Oppenheimer; the form of which the clerk will adapt to a case where no judgment in that action has been rendered. This will be the practice of the court in future, in cases like the present. The present judgment of

---

[2] WASHINGTON, Circuit Justice, delivered the following opinion upon the motion. The present case is different from all those which have been referred to, except that of Carrew v. Willing, 1 Dall. [1 U. S.] 130, and is not exactly like that. The other cases relate to proceedings for the relief of the appearance bail, prior to the trial of the action on the bail bond, and there the terms on which the relief was granted are those stated by this court at the last session, upon the rules to show cause. This is the case of a trial and judgment in the suit on the bail bond, upon which an execution has issued and been put into the hands of the marshal, stating the sum claimed by the plaintiffs as due from the original debtor, Oppenheimer. One thing is perfectly clear, which is, that the plaintiffs cannot proceed for the penalty of the bond, and are entitled to recover only so much as the original debtor justly owes. The original action being founded upon a book account, some mode of ascertaining the sum due must be adopted. If the parties had agreed upon the sum, the judgment would be entered for that sum in this action. But as the whole of the demand is disputed, the amount must be submitted to a jury; the court cannot decide it. We think that this question ought to be tried in the original action, and the only difficulty is, whether it should be by directing the defendant to plead to that action, or to direct the parties to form an issue to try the point, or to order a writ of inquiry of damages to issue in that action. We think that the latter is the least objectionable mode, and most consonant with that provided by the twenty-sixth section of the judiciary law of the 24th of September, 1789 [1 Stat. 87], which directs that in all causes brought in the courts of the United States to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, where the forfeiture, breach, or non-performance shall appear by the default or confession of the defendant, or upon demurrer, the court shall render judgment for the plaintiff to recover as much as is due according to equity; and when the sum is uncertain, the same shall, if either of the parties request it, be assessed by a jury. There can be no doubt but that the mode intended for ascertaining the amount due, was by a writ of inquiry, and such has always been the practice. Unless the plaintiffs would agree to accept a plea, without special bail being entered in the original suit, we do not see how the court could direct it. We know no precedent that would warrant such an order. This matter of relieving the appearance bail, and the manner of doing it, being in the discretion of the court, equity demands that the relief granted shall be in the way least embarrassing to the parties, and least susceptible of delay, and that the plaintiff shall lose no part of the security which he has fairly and legally obtained. Upon these principles, we prefer the mode of proceeding before mentioned, and instead of granting the present motion, which would deprive the plaintiffs of the security they have obtained by a delivery of the execution to the marshal, as against the personal property of the defendants; we shall order that all further proceedings upon the judgment and execution be stayed, until the amount due to the plaintiffs shall be ascertained in the original action, and that a writ of inquiry for that purpose issue, returnable to the next session of this court.

---

course remains as a security for the sum that may be found to be due upon the writ of inquiry.

[For subsequent proceedings, see Case No. 1,592.]